JONES, JUDGE:
The claimant, Pansy Heflin, has filed her Notice of Claim against the respondent, Department of Highways, in the amount of $4,000.00 for damages to a culvert and bridge affording access from a secondary State road near West Union, in Doddridge County to the claimant’s residence and land owned and operated by her as a trailer court.
When she started her trailer court in 1970 the claimant installed the culvert in a small stream running along the front of her property, utilizing two steel cylinders cut from gasoline storage tanks and filling dirt and gravel around and over the tanks. She also constructed tiers of crossties along both sides of the stream to support its banks.
During the year 1971 a flashflood caused the culvert to clog and the stream’s waters overflowed and flooded the State road. The respondent dispatched employees to the scene who waded into the stream and did what was necessary to clear the culvert, thereby accomplishing the draining of water from the State road and opening it to traffic. The banks of the stream in the area of the culvert were considerably eroded and damaged by the flood and the roadway over the culvert was rendered impassable.
There is evidence that sometime after the flood other employees of the respondent, in an effort to deepen the channel of the stream and build up its banks, caused an endloader or other piece of state equipment to collide with one of the culvert tanks, bending and damaging it. However, no claim was made by the claimant for damage to the pipe and she set about building a bridge across the stream. The bridge was constructed of steel pipes and has served its purpose since that time, except that now the banks of the stream have again eroded and have become so unstable as not to *153 afford safe support for the terminal portions of the bridge. It appears that it will be necessary to construct buttress and wingwalls under the bridge to eliminate dependence upon support of the stream banks and the claimant contends that the respondent should pay the cost thereof.
There is no satisfactory showing by the claimant that the respondent is responsible in any way for the upkeep of her bridge or the maintenance of the banks of the stream. The respondent is only interested in maintenance of its highway and its only concern has been to remove flood waters and to maintain traffic thereon. The claimant testified that she owned land on both sides of the stream, the bridge is her property and was built by her to serve both her personal and commercial purposes.
Any possible fault of the respondent referred to by the claimant is entirely too conjectural and speculative to form the basis of an award by this Court, and accordingly, this claim is disallowed.
Claim disallowed.